[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Hartford Surgical Center and the defendant Richard J. Kates, M.D. have moved for summary judgment in an action brought by Dani Ayotte and her husband Gary Ayotte. Ms. Ayotte claimed emotional distress because of fear of exposure to Hepatitis and HIV. The parties agreed at oral argument that Gary Ayotte's claim for loss of consortium is entirely derivative of his wife's claim and accordingly will rise or fall on the validity of her claim.
On July 11, 1966 Mrs. Ayotte went to the Hartford Surgical Center to have a laparoscopic surgery performed by Dr. Richard J. Kates.
In the affidavit filed in opposition to the motion for summary judgment Mrs. Ayotte states the following:
 3. The procedure began around 10:00 a.m. and was completed around 12:25 p. m.
 4. When I was recovering from the anesthesia Dr. Kemp informed me that a nurse had told him that the instruments Dr. Kates had used might not have been sterilized and might have been used on another patient earlier. CT Page 14519
 5. I was informed that I could possibly be afflicted with Hepatitis B and C and HIV.
 6. I was immediately given an intravenous bolus of Anicef and told I would have to continue Anicef orally for five (5) days.
 7. I was informed that I would have to wait at least six months before a test would prove whether I was infected with HIV or not.
 8. I was requested and gave a consent form for the testing for HIV.
 9. Later that day Dr. Kates called me at home and explained the complications and the type of antibiotic regime I would undergo and the need for further testing.
 10. For six months I was under great mental stress and anguish from the fear of having contracted HIV.
In Barrett v. Danbury Hospital, 232 Conn. 242 (1995), although the Supreme Court did not adopt the "actual exposure" test, they sustained a defendant's summary judgment because the plaintiffs had failed to show any contact with blood in the manner that they claim to have caused their fear.
In Barrett the plaintiff came to the hospital emergency room with abdominal pains. He was placed on a gurney that apparently contained remnants of blood from an earlier patient. An emergency room doctor, seeing the blood and attempting to ascertain its source, performed two rectal exams. The plaintiff claimed a fear of HIV. There was no evidence that the doctors exams had transferred any of the blood into the plaintiff's body.
In Barrett the court stated:
 Because we conclude that applying the Montinieri standard [Montinieri v. Southern New England Telephone Company, 175 Conn. 337 (1978)] the defendants were nonetheless entitled to summary judgment, we need not reach the issue of whether the Montinieri standard, the actual exposure test or some other formulation e.g. [citation omitted] (fear must be reasonable but actual exposure not required); is the proper CT Page 14520 test for a case such as this.
Barrett at 260.
The rational of the Barrett opinion appears to be contained in the following language:
 A defendant is not liable for emotional distress unless the defendant, or its agents or servants, should have realized that its conduct involved an unreasonable risk of causing the distress, and from the facts known to it, or its agents should have realized that the distress if it were caused might result in illness or bodily harm. . . . this part of the Montinieri test essentially requires that the fear or distress experienced by the plaintiffs be reasonable in light of the conduct of the defendants. If such fear were reasonable in light of the defendants' conduct, the defendants should have realized that their conduct created an unreasonable risk of causing distress and they therefore properly would be held liable. Conversely, if the fear were unreasonable in light of the defendants' conduct, the defendants would not have recognized that their conduct could cause this distress and, therefore they would not be liable.
Barrett at 260, 261, 261.
While it may be that there is no evidence that Mrs. Ayotte was actually exposed to hepatitis or HIV, her affidavit states that she was specifically warned of these dangers and agreed to certain testing at the urging of her doctor.
Reduced to basics, both Montinieri and Barrett are essentially about the foreseeability of damages. This court does not believe that the foreseeability of distress can be denied when the doctor warns of infection and requests and receives permission to test for that infection.
The motion for summary judgment by Richard J. Katz, M.D. and the motion for summary judgment by The Hartford Surgical Center is denied.
Booth, J. CT Page 14521